UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Lee Bailey, Sr., | ) C/A No. 3:08-141-HMH-JRM |
|               Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) (Partial summary dismissal) |
| Lt. Kitchen; | ) |
| MCO S. McClanahan; | ) |
| Magistrate Judge Barry Koon, and | ) |
| Charles Verner, Public Defender, | ) |
|               Defendants. | ) |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is a pretrial detainee, currently incarcerated at the Newberry County Detention Center. In the Amended Complaint (Entry 7) submitted by Plaintiff in compliance with the initial Order in this case (Entry 5), Plaintiff alleges that his federal constitutional rights are being violated because of various problems with the way his criminal case is progressing through the Newberry County state court system and by his continuing exposure to allegedly cruel and unusual punishment arising from the conditions of his confinement in Newberry County. Plaintiff sues the state court judge who is presiding over his criminal case, his court-appointed public defender, and two employees/officials at the detention center, and asks this Court to award him damages and injunctive relief in the form of an investigation into the way the Newberry County court and jail system are operating.

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to two Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff's claims of constitutional violations at the hands of Defendant Verner, the public defender who is representing Plaintiff in connection with Plaintiff's criminal case, are subject to summary dismissal because Defendant Verner is not acting under color of state law while representing Plaintiff. As a result, Plaintiff's Complaint fails to state a viable § 1983 claim against

Verner. In order to state a cause of action under 42 U.S.C. § 1983,[2] a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Further, Plaintiff's Complaint alleges no more than possible malpractice against Defendant Verner, *i.e.*, negligence in legal representation, and a § 1983 action may not be based alone on a violation of state law or on a state tort such as negligence. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see West v. Atkins*, 487 U.S. 42, 48 (1988)(to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999)(same). Although generally a state-based cause of action, a legal malpractice claim could be heard in this Court under its diversity of citizenship jurisdiction. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, since Plaintiff and Defendant Verner are both South Carolina residents, such

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

jurisdiction is not available in this case.

Additionally, to the extent that Plaintiff seeks damages from Judge Koon because of his rulings and other actions undertaken in connection with the performance of his judicial duties relative to Plaintiff's criminal case, this lawsuit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling

unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Furthermore, to the extent that Plaintiff's Complaint could be liberally construed as seeking injunctive relief against Judge Verner, such claim is barred by that part of 42 U.S.C. § 1983, which states:

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

*Id.* (emphasis added). Since there is no declaratory decree involved in this case and since no basis for entry of a declaratory judgment is shown on the face of the pleadings, any claim for injunctive relief against this judicial officer is statutorily barred and subject to summary dismissal. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

### Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to Defendants Verner and Koon only. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

February 22, 2008  
Columbia, South Carolina

s/Joseph R. McCrorey  
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).